# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| DONNA RHEA, | § | |
| Plaintiff, | § § § | |
| v. | § | Civil Action No. 4:13-cv-00506 |
| ALAN RITCHEY, INC. WELFARE BENEFIT PLAN and ALAN RITCHEY, INC. | § § § § § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

On March 30, 2015, the Court adopted the findings and conclusions of the U.S. Magistrate Judge and found that Plaintiff should take nothing by her claims, directing Plaintiff to turn over $71,644.77 to Alan Ritchey, Inc. and awarding Defendants their attorney's fees and costs herein (*see* Dkt. 62). In the report and recommendation adopted by the District Judge, the Court found that there was no fact issue that the Summary Plan Description at issue in this case ("SPD") allowed the Alan Ritchey Inc. Welfare Benefit Plan ("the Plan") recovery of its attorney's fees, citing to the following provision in the SPD:

> If the Plan incurs attorneys' fees and costs in order to collect third party settlement funds held by you or your representative, the Plan has the right to recover those fees and costs from you.

*See* Dkt. 57 (*citing* Dkt. 37-6 at 6).

The Court directed Defendants to submit separate briefing as to the amount of attorney's fees requested, if any, and, Defendants thus submitted their Supplemental Briefing on Attorney Fees (*see* Dkt. 60). The Court addresses the requested fees and costs below.

Defendants ask the Court to award $29,412.00 in attorney fees (which consists of 196.5 hours at $150.00/hour), or an amount considered by the Court to be equitable, and $2,003.50 in taxable court costs and attach a supporting affidavit and invoices. Plaintiff opposes, arguing that *no* fees should be awarded because Defendants only sought an award of statutory attorney's fees under ERISA in their counterclaim and not an award of fees pursuant to the SPD. Defendants further argue that, in any event, no discretionary fee award is warranted under ERISA. As noted by Defendants, Plaintiff does not challenge the amount, necessity, or reasonableness of the fees requested. Thus, the Court focuses on Plaintiff's argument that no fee award is warranted here.

Plaintiff argues that Defendants cannot be awarded attorney's fees under the SPD because Defendants' fee request in their counterclaim was not based on the terms of the SPD but instead on ERISA. First, the Court notes that the contractual attorney's fees provision relied upon by this Court in its recommendation was cited verbatim in Defendants' answer and counterclaim (*see* Dkt. 12 at 7). In finding that there was no fact issue that the SPD was the plan and applying its provisions accordingly, the Court thus found that the SPD permitted Defendants to recover their attorney's fees. *See* Dkt. 57 at 15. In her objections to that report and recommendation, Plaintiff only objected that the Court's recommended relief in favor of Defendant regarding reimbursement was not equitable because it would "force her to pay their attorney's fees in this case because she dared to point out

that their documentation was sloppy and did not comply with ERISA." Dkt. 58 at 3. Plaintiff did not specifically object to the award of fees. Nor did Plaintiff argue that the fees should not be awarded under the SPD because Defendants' fee request was limited to a statutory fee request, as she argues now. Plaintiff's objections regarding the fee award were not specific objections as Rule 72(b) requires, and Plaintiff has not now demonstrated clear error in the Court's decision to award Defendants' their fees under the SPD. *See* FED. R. CIV. P. 72; 1983 Advisory Committee Notes to Federal Rule Civil Procedure 72 at ¶6. Indeed, Plaintiff has provided no response to Defendants' argument that, by failing to timely object to the recommendation that fees be awarded under the SPD, Plaintiff has waived any challenge to the award of fees pursuant to the SPD. Noting that no objection was made prior to the District Judge's adoption of the undersigned's report and recommendation, the Court finds that the pleadings sufficiently state an award of attorney's fees under the SPD and Plaintiff's objections to the award should be overruled.

Further, even if Defendants were precluded from recovering fees under the SPD as Plaintiff argues, the Court finds that the *Bowen* factors she cites (assuming the Court would exercise its discretion to apply them here) also weigh in favor of the award. *Iron Workers Local #272 v. Bowen*, 624 F.2d 1255 (5th Cir. 1980). *See also Lincoln Fin. Co. v. Metro. Life Ins. Co.,* 428 Fed. App'x 394, 395 (5th Cir. 2011) ("Once a district court determines that a party is eligible for a fee award under § 1132(g)(1), a district court may consider whether fees are appropriate under the factors outlined in" *Bowen*); *see also LifeCare Mgmt. Servs., LLC v. Ins. Mgmt. Adm'rs Inc.,* 703 F.3d 835, 846 (5th Cir. 2013) (while not required, court may consider *Bowen* factors). In addition to fees under

the SPD, Defendants' counterclaim seeks statutory attorney's fees as authorized under ERISA. Dkt. 12 at ¶ 35 and Prayer (e).[1] As provided by *Bowen*:

> In deciding whether to award attorneys' fees to a party under section 502(g), therefore, a court should consider such factors as the following: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions. No one of these factors is necessarily decisive, and some may not be apropos in a given case, but together they are the nuclei of concerns that a court should address in applying section 502(g).

*Bowen*, 624 F.2d at 1266 (internal citations omitted). Contrary to Plaintiff's contentions, the Court finds that these factors do not weigh in her favor.

As to the degree of Plaintiff's culpability or bad faith, the undersigned's summary judgment analysis clearly noted that Plaintiff's position in seeking to obtain the benefit of a plan as a covered person, but not complying with her obligations under it as a covered person would result in an unwarranted windfall to her. And, as to her ability to satisfy the award of attorney fees, Plaintiff has not offered any argument or evidence to show that she is not able to pay for the attorney's fees. These factors are neutral at best and most certainly do not weigh in favor of Plaintiff.

---

[1] The Court notes that Defendants request a fee award under "Section 503(a)(16)," which they have since conceded is a non-existent section. *See* Dkt. 65 at 2. Defendants further state that citation to this specific subsection was a typographical error. *Id.* The Court finds the request for statutory attorney's fees is sufficiently pleaded in the counterclaim, and, to the extent not already waived, any objection by Plaintiff regarding this typographical error is overruled.

4

As to deterrence, the intent to benefit all participants or beneficiaries or to resolve significant legal questions regarding ERISA, and relative merits, Plaintiff argues that the Fifth Circuit has not yet decided the specific question presented by this case. Specifically, Plaintiff argues that it was not unreasonable or frivolous for her to ask this Court to resolve the significant legal question of whether, in the wake of *CIGNA Corporation v. Amara*, __U.S. __, __, 131 S. Ct. 1866, 179 L. Ed.2d 843 (2011)*,* an ERISA plan can, after the fact, designate its SPD as its actual plan document. Plaintiff further argues that the Supreme Court may need to address the scope of its *Amara* decision and that she is prepared to seek such relief should it prove necessary to vindicate the rights of personal injury victims like her.

Although Plaintiff is correct in her assertion that the Fifth Circuit has not reached the specific issue raised in this case, in its detailed analysis of Plaintiff's claims in this case, this Court found that current authorities were far more settled and persuasive than Plaintiff claimed. Indeed, the undersigned's report and recommendation noted the significant authority construing the holding in *Amara* to be limited to situations where a summary plan document conflicts with a master plan document and supporting a finding that *Amara* does not address situations where a summary document is the only plan document. And while the Court found that Defendants' construction of its written ERISA instrument was indeed sloppy and noted that Defendants subsequently revised their plan documents to avoid such issues in the future, the Court declines to now find that Plaintiff's suit had a far-reaching deterrent effect. Again, the Court notes that Plaintiff received the benefits of the Plan and her position that she should not also be required to comply with its reimbursement

requirements was not tenable. Even if her lawsuit resulted in Defendants "cleaning up" their paperwork (something the Court has not specifically found here), the Court declines to find that Plaintiff's suit had a far-reaching deterrent effect.

Plaintiff's general opposition to the award of attorney's fees is thus without merit. Turning to the amount of attorney's fees, as noted above, Plaintiff has not made any argument to show why the fees requested are not reasonable given the facts of the case. Defendants ask the Court to award $29,412.00 in attorney fees which consists of 196.5 hours at $150.00/hour. Given the record before it and the nature of the parties' dispute, and without any challenges by Plaintiff as to the reasonableness of the amount requested, the Court finds that the amount requested is reasonable. The Court further finds that $2,003.50 in taxable court costs is sufficiently supported by the record.

Therefore, the Court finds that Defendants are entitled to attorney's fees and costs in the amount requested.

## RECOMMENDATION

Having considered Defendants' Supplemental Briefing on Attorney Fees, supporting documentation and the related briefing, and in accordance with its findings regarding the parties' summary judgment motions (*see* Dkt. 57 & 62), it is therefore recommended that, in addition to the turnover of the $71,644.77 previously ordered, Plaintiff Donna Rhea should pay to Defendants Alan Ritchey, Inc. and Alan Ritchey, Inc., Welfare Benefit Plan the sum of $31,415.50 for reasonable attorney's fees and costs within 30 days of the entry of final judgment herein.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 12th day of August, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE